[No. 23015. Department Two. July 25, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. EDWARD COFFIELD, *Appellant*.[1]

*Leo J. Hanley,* for appellant.

*Dale McMullen* and *Claude C. Snider,* for respondent.

FULLERTON, J.—The appellant, Coffield, was prosecuted upon the charge of having in his possession intoxicating liquor other than alcohol for the purpose of sale, barter and exchange. The jury found the appellant guilty as charged, and from the judgment and sentence entered upon the verdict, he has taken this appeal.

The appellant, with his wife, resided on a farm of about seventy-five acres, which they held under a lease. The land bordered on the south side of a main highway for about a quarter of a mile, and it had a depth back from the highway of about the same distance. Half

[1]Reported in 1 P. (2d) 883.

or more of the land next to the highway was cultivated and in crops. The rest was cleared land, except for a strip at the south, which was covered with brush. The dwelling house and outbuildings were in the southwest corner of the place, and were reached from the highway by a private road along the west margin of the farm. To the west of the west line of the land was a roadway of some description, but it does not appear that there was access to it from the farm. The land east of the farm was covered with underbrush, logs and stumps, and the land to the south was timbered. There was no used road or way furnishing access to the farm from the east or south.

The liquor of which the appellant was charged with having possession was moonshine whiskey. It was found in seven ten-gallon kegs and three bottles hidden among bushes in the southeast corner of the farm. There was no roadway to the place where the liquor was found concealed, but there were trails or paths, made by stock, leading from the farm buildings in that direction, and there were automobile tracks along them and thence through a meadow to the vicinity of the place where the liquor was found.

During the search by the sheriff and others that disclosed the liquor, there was found in the kitchen of the dwelling an electric device such as is used for heating mash to make it ferment, and in an automobile in one of the outbuildings there was found a hydrometer used for the purpose of testing mash during the process of fermentation. In one of the barns two knocked-down vats suitable for use in fermenting mash were also found. There was evidence that at one side of the interior of the barn was an enclosure that had been darkened on two sides with building paper. The knocked-down vats were in this enclosure.

The appellant testified that he had occupied the farm about four months and a half before the seizure of the liquor; that he was engaged in farming and breaking polo horses; that the liquor was not his, and he had had nothing to do with it, and knew nothing of its presence on his farm, and had never seen it before the day of the trial; that he knew nothing of the mash heater or the hydrometer; and that a former occupant of the farm had used the darkened room in the barn for a pigsty and the vats in preparing hog-feed. The appellant's only other evidence was the testimony of two witnesses to his reputation as a law-abiding citizen, following which the appellant admitted, on cross-examination, having pleaded guilty, some years before, to the crime of taking and driving away an automobile without the consent of the owner.

■ The appellant first contends that the evidence is insufficient to sustain the verdict. But we think the evidence ample in this respect. The fact that the liquor cache was found on the appellant's premises; that the only ways leading to the cache were from the buildings on the premises occupied by him; that utensils used in the manufacture of liquor were found in his possession—all pointed to him as the illegal possessor of the liquor. And the quantity found indicated that one of the purposes, at least, for which it was possessed, was the purpose of unlawful sale. What the court might find were it the trier of the facts, is not material. The question is: Was there sufficient evidence of the appellant's guilt to warrant submitting the question to the jury? We have no hesitancy in saying that there was sufficient evidence.

■ The appellant complains of the refusal of the court to give the jury certain requested instructions to the effect that, unless the appellant knew that the

liquor was on his land, he could not be held to have possession of it; and that, though he knew of its presence there, yet he could not be held to have possession unless he owned it or had control of it with the right of disposition. We find, however, that the substance of the requested instructions, in so far as they were correct statements of the law and appropriate to the case made by the evidence, was included in the instructions given by the court. The kind of possession made unlawful by the statute was fully and accurately defined, and the jury were charged clearly that the appellant could not be found guilty unless the evidence satisfied them beyond a reasonable doubt that he had possession of the liquor and had it with the intent or purpose to sell, barter or exchange the same.

We have examined the entire record on appeal and find no error.

The judgment is affirmed.

TOLMAN, C. J., PARKER, BEALS, and BEELER, JJ., concur.